## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

IN RE:                              §
**LETICIA ANN MARTINEZ**            §        **CASE NO. 20-60251-mmp**
                                    §        **CHAPTER 13**

### MOTION OF SANDRA BAUMGARDNER  FOR RELIEF FROM STAY
### AND WAIVER OF THIRTY DAY REQUIREMENT

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Sandra Patricia Baumgardner, Jose Guadalupe Lopez and wife, Maria C. Lopez ("Movants"), by and through the undersigned attorney, and in conjunction with the bankruptcy filed by Leticia Ann Martinez, ("Debtor") moves the Court as follows:

I.

Movants desire to waive the requirement of a hearing within 30 days under §362(e) and requests a hearing be set at the next available date.

II.

### JURISDICTION

1.      This Motion is brought pursuant to 11 U.S.C. Section 362(d) and in accordance with Rule 9014 of the Bankruptcy Rules.

2.      On or about April 6, 2020, Debtor filed her petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C., for an order of relief.

III.

### FACTS

3.      On or about April 6, 2020, Debtor and Respondent herein, filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code, thereby initiating the above-

referenced Bankruptcy Case (the "Bankruptcy").  G. Ray Hendren is the duly appointed and acting trustee in the Bankruptcy.

4.    On or about October 15, 2019, Leticia Ann Martinez executed a Promissory Note (the "Note") in the principal amount of $181,000.00, made payable to the order of Jose Guadalupe Lopez and wife, Maria C. Lopez, and Sandra Patricia Baumgardner, for the purchase of the real property described below, a copy of which is attached as Exhibit A. Concurrently with the execution of the Note, Leticia Ann Martinez executed a Deed of Trust recorded as Instrument # 2019034535 in the Official Public Records of McLennan County, Texas, a copy of which is attached hereto as Exhibit B ("Deed of Trust"), granting Movant a lien and security interest in that certain real property described as follows (the "Property"):

Being Lot Sixteen (16) in Block Nine (9) of the Tennyson Heights Addition, Part Six (6), to the City of Waco, McLennan County, Texas, as per plat recorded in Volume 946, Page 694, of the McLennan County, Texas Deed Records; commonly known as 500 N. 62nd Street, Waco, Texas 76710-5609

5.    Movants are the current owners and holders of the Note and Deed of Trust.

6.  Debtor is in default on her obligation to pay property taxes in full by December 15 of 2020, 2021 and 2022 as required by paragraph B.2(b) of the Deed of Trust.

7.    Debtor is in default on her obligation to pay $3,000.00 towards property taxes to Movants on the 31st day of March and the balance of any taxes due by December 15th of 2023 pursuant to the terms of paragraph B.2(b) of the Deed of Trust.

8.    As of April 14, 2023 the status of the indebtedness was as follows:

a.  2020 property taxes were $4,551.68.  Debtor paid $3,000.00 out over time but Debtor failed to pay the difference of $1,551.68;

b.  2021 property taxes were $3,956.05.  Debtor paid $3,000.00 out over time but Debtor failed to pay the difference of $956.05;

c.  2022 property taxes were $3,928.38.  Debtor failed to pay property taxes.

d.  Debtor is currently past due for the March 31, 2023 property tax payment to Movants in the amount of $3,000.00.

The total unpaid property taxes due and owing to Movant pursuant to the Deed of Trust is $9,436.11.

e.  Additional fees include Movants' attorney's fees in the amount of $650.00 and court costs in the amount of $188.00.

9.      Additionally, the Deed of Trust requires that Debtor maintain insurance on the Property and carry Movants as a mortgagees/loss payees.  Debtor has failed to maintain such insurance.  Movants have paid for an insurance policy in the amount of $1,900.00 that Debtor now owes to Movants.

IV.

## RELIEF FROM THE STAY

10.      Movants request that the Court terminate the automatic stay provisions of the Bankruptcy Code to allow Movants to exercise all of its rights and remedies against the Debtor under state law, including but not limited to foreclosing its lien on the Property. Good cause exists for the lifting of the automatic stay because the Debtor has little or no equity in the Property.   In addition, the Property is not necessary for an effective reorganization of the Debtor.

11.      In the alternative, Movants allege that cause exists for the lifting of the stay in that the Debtor has not offered Movants adequate protection for its interest in the Property and Movants' interest is not adequately protected.

12.      It has been necessary for Movants to hire the law firm of John Malone, PLLC to collect the debt owed to it through this Court, and the Debtor should be ordered to pay reasonable attorney's fees to Movants. Pursuant to the Deed of Trust and Note, Movants are entitled to reimbursement of its reasonable attorney's fees and costs for their services.

V.

The provision of Rule 4001(a)(3) should be waived and Movants be permitted to immediately enforce and implement any order granting relief from the automatic stay.

WHEREFORE,  Sandra Patricia Baumgardner, Jose Guadalupe Lopez and wife, Maria C. Lopez, their successors and assigns pray that the Court enter an Order:

A.      Granting relief from the automatic stay to allow Movants, their assignees and/or successors in interest, to exercise and enforce its security interest in the Property as if the Stay had not been imposed, including, but not limited to, repossession and foreclosure of its security interest and disposition of the Property, and payment of costs, expenses, and reasonable attorneys' fees in accordance with the terms of the Deed of Trust and Note; and

B.      Granting such other relief to which Movants may be justly entitled.

Dated April 28th, 2023.

Respectfully submitted,

JOHN MALONE, PLLC

By: _John Malone_

John Malone
Attorney for Movants
State Bar No.  12874200
5400 Bosque Blvd., Ste. 308
Waco, Texas 76710
(254) 772-3722
Fax No.  (254) 772-3172
Email: john@johnmalonepc.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Relief from  has been served upon the (a) all creditors shown on Debtor's service list and (b) the following by electronic means as listed on the Court's ECF noticing systems or by United States first class mail, postage prepaid on this the 28th day of April, 2023.

Debtor:        Leticia Ann Martinez
               500 N. 62nd Street
               Waco, Texas 76710

Trustee:       G. Ray Hendren
               4505 Spicewood Springs Road, Ste. 205
               Austin, Texas 78759

BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED:

Debtor's
Attorney:      Evan M. Simpson
               1717 Columbus Avenue
               Waco, Texas 76701

_John Malone_

JOHN MALONE

# PROMISSORY NOTE

**Date**:  October 15, 2019

**Borrower**:    Leticia Ann Martinez.

## Borrower's Mailing Address:

Leticia Ann Martinez
2920 Old Robinson Road
Robinson, Texas 76706-3735

**Lender**:    Jose Guadalupe Lopez and wife, Maria C. Lopez, and Sandra Patricia Baumgardner.

## Place for Payment:

PO Box 7
China Spring, TX   76633-007, or any other place that Lender may designate in writing.

**Principal Amount**: $181,000.00

**Annual Interest Rate**:    Six and Fifty-Five Hundredths Percent (6.55%)

**Maturity Date**:    October 15, 2049

**Annual Interest Rate on Matured, Unpaid Amounts**:    Eight Percent (8.00%)

## Terms of Payment (principal and interest):

The Principal Amount and interest are due and payable in equal monthly installments of ONE THOUSAND ONE HUNDRED FIFTY AND NO/100 DOLLARS ($1,150.00), on the fifteenth day of each month, beginning November 15, 2019 and continuing until the unpaid principal and accrued, unpaid interest have been paid in full. Payments will be applied first to accrued interest and the remainder to reduction of the Principal Amount.

Additionally Buyer will pay Seller $3,000.00 on the 31st day of March each year during the existence of the loan to be applied towards property taxes for that year and the balance of any taxes due will be paid by December 15, each year to Seller. Buyer agrees to purchase and maintain a policy of insurance, insuring the improvements situated on the above described property against fire and the extended coverages, which insurance shall be maintained with a company and in an amount acceptable to the Lender, and in such policy, the Lender will be named as mortgagee and will be provided with the original copy of the insurance policy and each and every renewal and extension thereof, during the term of this note.

**Security for Payment**:     This note is secured by a vendor's lien and superior title retained in a deed from Jose Guadalupe Lopez, Maria C. Lopez and Sandra Patricia Baumgardner to Borrower dated October 15, 2019 and by a deed of trust of even date from Leticia Ann Martinez to Mark S. Knapp, trustee, both of which cover the following real property:

> Being Lot Sixteen (16) in Block Nine (9) of the Tennyson Heights Addition, Part Six, to the City of Waco, McLennan County, Texas, as per plat recorded in Volume 946, Page 694, of the McLennan County, Texas Deed Records; commonly known as 500 N 62nd Street, Waco, Texas 76710-5609.

**Other Security for Payment**:     None

## Promise to Pay

Borrower promises to pay to the order of Lender the Principal Amount plus interest at the Annual Interest Rate. This note is payable at the Place for Payment and according to the Terms of Payment. All unpaid amounts are due by the Maturity Date. If any amount is not paid either when due under the Terms of Payment or on acceleration of maturity, Borrower promises to pay any unpaid amounts plus interest from the date the payment was due to the date of payment at the Annual Interest Rate on Matured, Unpaid Amounts.

## Defaults and Remedies

A default exists under this note if (1) Borrower defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to

this note; (2) (a) Borrower or (b) any other person liable on any part of this note (an "Other Obligated Party") fails to timely pay or perform any obligation or covenant in any written agreement between Lender and Borrower or any Other Obligated Party other than as described in (1) above; (3) any representation in this note or in any other written agreement between Lender and Borrower or any Other Obligated Party is materially false when made; (4) a receiver is appointed for Borrower or an Other Obligated Party or any property on which a lien or security interest is created as security (the "Collateral Security") for any part of this note; (5) any Collateral Security is assigned for the benefit of creditors; (6) a bankruptcy or insolvency proceeding is commenced by Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party; (7) (a) a bankruptcy or insolvency proceeding is commenced against Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party and (b) the proceeding continues without dismissal for sixty days, the party against whom the proceeding is commenced admits the material allegations of the petition against it, or an order for relief is entered; (8) Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party is terminated, begins to wind up its affairs, or is authorized to terminate or wind up its affairs by its governing body or persons, or any event occurs or condition exists that permits the termination or winding up of the affairs of Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party; or (9) any Collateral Security is impaired by loss, theft, damage, levy and execution, issuance of an official writ or order of seizure, or destruction, unless it is promptly replaced with collateral security of like kind and quality or restored to its former condition.

Notwithstanding any other provision of this note, in the event of a default, before exercising any of Lender's remedies under this note or any deed of trust or warranty deed with vendor's lien securing it, Lender will first give Borrower written notice of default and Borrower will have ten days after notice is given in which to cure the default. If the default is not cured ten days after notice, (1) Borrower and each surety, endorser, and guarantor waive all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest, and notice of protest, to the extent permitted by law, and rights under sections 51.003, 51.004 and 51.005 of the Texas Property Code; and (2) Lender may declare the unpaid principal balance, earned interest, and any other amounts owed on the note immediately due and may exercise all other rights and remedies available at law or in equity.

### Attorney's Fees

Borrower also promises to pay reasonable attorney's fees and court and other costs if an attorney is retained to collect or enforce the note.  These expenses will bear interest from the date of advance at the Annual Interest Rate on Matured, Unpaid Amounts.  Borrower will pay Lender these expenses and interest on demand at the Place for Payment.  These expenses and interest will become part of the debt evidenced by the note and will be secured by any security for payment.

**Prepayment Penalty**. If the Note is prepaid for any reason within the first five (5) years of the date of this Note, Buyer agrees to and shall pay to Seller a prepayment penalty of five thousand and no/100 dollars, ($5,000.00) If the Note is prepaid for any reason within the second five (5) years from the date of this Note, Buyer agrees to and shall pay to Seller a prepayment penalty of two thousand, five hundred and no/100 dollars, ($2,500.00) After the first ten (10) years of the term of this Note this Note may be prepaid at any time without penalty.

**Application of Prepayment**:    Partial prepayments will be credited to principal; installments will continue as scheduled and interest on that prepaid principal will immediately cease to accrue.

### Interest Calculation

Interest on the debt evidenced by this note is computed on a 365/365 basis; that is, by applying the ratio of the interest rate over a year of 365 days, multiplied by the outstanding Principal Amount, multiplied by the actual number of days the Principal Amount is outstanding, unless such calculation would result in a usurious rate, in which case interest shall be calculated on a per diem basis of a year of 365 or 366 days, as the case may be. All interest payable under this note is computed using this method.

### Usury Savings

Interest on the debt evidenced by this note will not exceed the maximum rate or amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law.  Any interest in excess of that maximum amount will be credited on the Principal Amount or, if the Principal Amount has been paid, refunded.  On any acceleration or required or permitted prepayment, any excess interest will be canceled

automatically as of the acceleration or prepayment or, if the excess interest has already been paid, credited on the Principal Amount or, if the Principal Amount has been paid, refunded.  This provision overrides any conflicting provisions in this note and all other instruments concerning the debt.

### Other Clauses

Each Borrower is responsible for all obligations represented by this note.

When the context requires, singular nouns and pronouns include the plural.

If any installment becomes overdue for more than five days, at Lender's option a late payment charge of Five Percent (5%) of the payment due may be charged in order to defray the expense of handling the delinquent payment.

If the proceeds of a casualty or condemnation are applied to the Principal Amount of this note resulting in prepayment of more than 10 percent of the unpaid principal balance and more than one year remains until the Maturity Date, the unpaid principal balance will be reamortized over the remaining period of this note.  The reamortization will be used to calculate the amount of the monthly payment that would be sufficient to pay in full the unpaid principal amount remaining on the prepayment date, plus interest, by the Maturity Date.  The reduced payments of principal and interest to be made on this note as the result of the reamortization will be the new monthly amount, and the payments will begin the next month after the prepayment date.

If any provision of this note conflicts with any provision of a loan agreement, deed of trust, or security agreement of the same transaction between Lender and Borrower, the provisions of the deed of trust will govern to the extent of the conflict.

This note will be construed under the laws of the state of Texas, without regard to choice-of-law rules of any jurisdiction.

We may report information about your account to credit bureaus.  Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

_____
Leticia Ann Martinez

2019024535 DT
10/15/2019 02:05:38 PM Total Pages: 12 Fees: $56.00
J. A. "Andy" Harwell, County Clerk - McLennan County, Texas

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

## DEED OF TRUST
### Security Agreement - Financing Statement

### Basic Information

**Date:** October 15, 2019

**Grantor:** Leticia Ann Martinez from her separate property and estate.

**Grantor's Mailing Address:**

> Leticia Ann Martinez
> 2920 Old Robinson Road
> Robinson, Texas 76706-3735

**Trustee:** Mark S. Knapp

**Trustee's Mailing Address:**

> PO Box 7456
> Waco TX 76714-7456

**Lender:** Jose Guadalupe Lopez and wife, Maria C. Lopez, and Sandra Patricia Baumgardner.

**Lender's Mailing Address:**

> PO Box 7
> China Spring, TX 76633-007

### Obligation

> Note:

BAUMGARDNER & LOPEZ
WEED OF TRUST

-1-

Date:  October 15, 2019

Original principal amount:  $181,000.00

Borrower:    Leticia Ann Martinez

Lender:    Jose Guadalupe Lopez and wife, Maria C. Lopez, Sandra Patricia Baumgardner

Maturity date:    October 15, 2049

Terms of Payment:  As provided in the note.

Other Debt:  None.

**Property (including any improvements):**

Being Lot Sixteen (16) in Block Nine (9) of the Tennyson Heights Addition, Part Six, to the City of Waco, McLennan County, Texas, as per plat recorded in Volume 946, Page 694, of the McLennan County, Texas Deed Records; commonly known as 500 N 62nd Street, Waco, Texas 76710-5609.

Personal Property:  The property constituting personal property located in or on and used in the enjoyment of the Property.

**DESCRIPTION OF COLLATERAL COVERED BY SECURITY AGREEMENT/FINANCING STATEMENT:**    The Real Property located at 500 N 62nd Street, Waco, Texas 76710-5609 together with all fixtures located thereon.

In addition to creating a deed-of-trust lien on all the real and other property described above, Grantor also grants to Lender a security interest in all of the above-described personal property pursuant to and to the extent permitted by the Texas Uniform Commercial Code.

In the event of a foreclosure sale under this deed of trust, Grantor agrees that all the Property may be sold as a whole at Lender's option and that the Property need not be present at the place of sale.

**Prior Lien:**   None.

**Other Exceptions to Conveyance and Warranty:**

Liens described as part of the Consideration and any other liens described in the deed to Grantor as being either assumed or subject to which title is taken; validly existing easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded and validly existing instruments, other than conveyances of the surface fee estate, that affect the Property; and taxes for 2019, and subsequent assessments for that and prior years due to change in land usage, ownership, or both.

A.    **Granting Clause**

For value received and to secure payment of the Obligation, Grantor conveys the Property to Trustee in trust.   Grantor warrants and agrees to defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty.  On payment of the Obligation and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Lender will release it at Grantor's expense.

B.    **Grantor's Obligations**

*B.1.*    Grantor agrees to maintain all property and liability insurance coverages with respect to the Property, revenues generated by the Property, and operations on the Property that Lender reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Lender , and as to property loss, that are payable to Lender under policies containing standard mortgage clauses, and deliver evidence of the Required Insurance Coverages  in a form acceptable to Lender before execution of this deed of trust and again at least ten days before the expiration of the Required Insurance Coverages.

*B.2*    Grantor agrees to-

a.    keep the Property in good repair and condition;

b.    pay all taxes and assessments on the Property before delinquency, as follows:  Buyer will pay $593.63 on October 15, 2019 as taxes for the current year.  Thereafter, Buyer will pay Seller $3,000.00 on

the 31st day of March each year during the existence of the loan to be applied towards property taxes for that year and the balance of any taxes due will be paid by December 15, each year to Seller, further, not authorize a taxing entity to transfer its tax lien on the Property to anyone other than Lender, and not request a deferral of the collection of taxes pursuant to section 33.06 of the Texas Tax Code;

c. defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;

d. obey all laws, ordinances, and restrictive covenants applicable to the Property;

e. keep any buildings occupied as required by the Required Insurance Coverages;

f. if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

g. notify Lender of any change of address.

## C. Lender's Rights

*C.1.* Lender or Lender's mortgage servicer may appoint in writing one or more substitute trustees, succeeding to all rights and responsibilities of Trustee.

*C.2.* If the proceeds of the Obligation are used to pay any debt secured by prior liens, Lender is subrogated to all the rights and liens of the holders of any debt so paid.

*C.3.* Lender may apply any proceeds received under the property insurance policies covering the Property either to reduce the Obligation or to repair or replace damaged or destroyed improvements covered by the policy. If the Property is Grantor's primary residence and Lender reasonably determines that repairs to the improvements

BAUMGARDNER & LOPEZ
WEED OF TRUST

-4-

are economically feasible, Lender will make the property insurance proceeds available to Grantor for repairs.

C.4.  Notwithstanding the terms of the Note to the contrary, and unless applicable law prohibits, all payments received by Lender from Grantor with respect to the Obligation or this deed of trust may, at Lender's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Lender with respect to the Obligation, to be applied to late charges, principal, or interest in the order Lender in its discretion determines.

C.5.  If Grantor fails to perform any of Grantor's obligations, Lender may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

C.6.  **COLLATERAL PROTECTION INSURANCE NOTICE**

In accordance with the provisions of Section 307.052(a) of the Texas Finance Code, the Beneficiary hereby notifies the Grantor as follows:

(A)  the Grantor is required to:

(I)  keep the collateral insured against damage in the amount the Lender specifies;

(ii)  purchase the insurance from an insurer that is authorized to do business in the state of Texas or an eligible surplus lines insurer; and

(iii)  name the Lender as the persons to be paid under the policy in the event of a loss;

(B)  the Grantor must, if required by the Lender, deliver to the Lender a copy of the policy and proof of the payment of premiums; and

(C)   if the Grantor fails to meet any requirement listed in Paragraph (A) or (B), the Lender may obtain collateral protection insurance on behalf of the Grantor at the Grantor's expense.

C.7.   If a default exists in payment of the Obligation or performance of Grantor obligations and the default continues after any required notice of the default and the time allowed to cure, Lender may-

    a.   declare the unpaid principal balance and earned interest on the Obligation immediately due;

    b.   exercise Lender's rights with respect to rent under the Texas Property Code as then in effect;

    c.   direct Trustee to foreclose this lien, in which case Lender or Lender's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

    d.   purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Obligation.

C.8.   Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

## D.   Trustee's Rights and Duties

If directed by Lender to foreclose this lien, Trustee will-

D.1.   either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

D.2.   sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to the Prior Lien and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

D.3.   from the proceeds of the sale, pay, in this order-

a.  expenses of foreclosure, including a reasonable commission to Trustee;

b.  to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

c.  any amounts required by law to be paid before payment to Grantor; and

d.  to Grantor, any balance; and

*D.4.* be indemnified, held harmless, and defended by Lender against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

## E.  General Provisions

*E.1.* If any of the Property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor does not, Grantor will be a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

*E.2.* Recitals in any trustee's deed conveying the Property will be presumed to be true.

*E.3.* Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

*E.4.* This lien will remain superior to liens later created even if the time of payment of all or part of the Obligation is extended or part of the Property is released.

*E.5.* If any portion of the Obligation cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

*E.6.* Grantor assigns to Lender all amounts payable to or received by Grantor from condemnation of all or part of the Property, from private sale in lieu of

condemnation, and from damages caused by public works or construction on or near the Property. After deducting any expenses incurred, including attorney's fees and court and other costs, Lender will either release any remaining amounts to Grantor or apply such amounts to reduce the Obligation. Lender will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Lender notice of any actual or threatened proceedings for condemnation of all or part of the Property.

E.7.   Grantor collaterally assigns to Lender all present and future rent from the Property and its proceeds. Grantor warrants the validity and enforceability of the assignment. Grantor will apply all rent to payment of the Obligation and performance of this deed of trust, but if the rent exceeds the amount due with respect to the Obligation and the deed of trust, Grantor may retain the excess. If a default exists in payment of the Obligation or performance of this deed of trust, Lender may exercise Lender's rights with respect to rent under the Texas Property Code as then in effect. Lender neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the Property. Lender may exercise Lender's rights and remedies under this paragraph without taking possession of the Property. Lender will apply all rent collected under this paragraph as required by the Texas Property Code as then in effect. Lender is not required to act under this paragraph, and acting under this paragraph does not waive any of Lender's other rights or remedies.

E.8.   Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

E.9.   In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

E.10.  When the context requires, singular nouns and pronouns include the plural.

BAUMGARDNER & LOPEZ
WEED OF TRUST                                                   -8-

*E.11.* The term *Note* includes all extensions, modifications, and renewals of the Note and all amounts secured by this deed of trust.

*E.12.* Grantor will deposit with Lender or other holder of the Note, in addition to the principal and interest installments, a pro rata part of the estimated annual ad valorem taxes on the Property and a pro rata part of the estimated annual insurance premiums for the improvements on the Property. These tax and insurance deposits are only estimates and may be insufficient to pay total taxes and insurance premiums. Grantor must pay any deficiency within thirty days after notice from Lender or other holder of the Note. Grantor's failure to pay the deficiency will constitute a default under the Deed Trust. If any superior lienholder on the Property is collecting escrow payments for taxes and insurance, this paragraph will be inoperative as long as payments are being made to the superior lienholder.

*E.13.* GRANTOR MAY FURNISH ANY INSURANCE REQUIRED BY THIS DEED OF TRUST EITHER THROUGH EXISTING POLICIES OWNED OR CONTROLLED BY GRANTOR OR THROUGH EQUIVALENT COVERAGE FROM ANY INSURANCE COMPANY AUTHORIZED TO TRANSACT BUSINESS IN TEXAS.

*E.14.* If Grantor transfers any part of the Property without Lender's prior written consent, Lender may declare the Obligation immediately payable and invoke any remedies provided in this deed of trust for default. If the Property is residential real property containing fewer than five dwelling units or a residential manufactured home, this provision does not apply to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the Property; (b) creation of a purchase-money security interest for household appliances; © transfer by devise, descent, or operation of law on the death of a co-Grantor; (d) grant of a leasehold interest of three years or less without an option to purchase; (e) transfer to a spouse or children of Grantor or between co-Grantors; (f) transfer to a relative of Grantor on Grantor's death; (g) a transfer resulting from a decree of a dissolution of marriage, a legal separation agreement, or an incidental property settlement agreement by which the spouse of Grantor becomes an owner of the Property; or (h) transfer to an inter vivos trust in which Grantor is and remains a beneficiary and occupant of the Property.

*E.15.* This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

BAUMGARDNER & LOPEZ
WEED OF TRUST

-9-

*E.16.* If Grantor and Borrower are not the same person, the term *Grantor* includes Borrower.

*E.17.* Grantor and each surety, endorser, and guarantor of the Obligation waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest and (g) rights under sections 51.003, 51.004, and 51.005 of the Texas Property Code.

*E.18.* Grantor will have full recourse liability for repayment of the principal and interest of the Note and the performance of all covenants and agreements of Grantor in this Deed of Trust.

*E.19.* Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lender's rights under this deed of trust if an attorney is retained for its enforcement.

*E.20.* If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

*E.21.* The term Lender includes any mortgage servicer for Lender.

*E.22.* Grantor hereby grants Lender a right of first refusal with respect to Grantor's power to authorize any third party (other than Lender pursuant to its rights as set forth in this instrument) to pay ad valorem taxes on the Property and authorize a taxing entity to transfer its tax lien on the Property to that third party. Grantor's authorization to any third party (other than Lender) to pay the ad valorem taxes and receive transfer of a taxing entity's lien for ad valorem taxes shall be null and void and of no force and effect unless Lender, within ten days after receiving written notice from Grantor, fails to pay the ad valorem taxes pursuant to Lender's rights as set forth in this instrument.

*E.23.* Grantor represents that this deed of trust and the Note are given for the following purposes:

The debt evidenced by the Note is in part payment of the purchase price of the Property; the debt is secured both by this deed of trust and by a vendor's lien on

the Property, which is expressly retained in a deed to Grantor of even date. This deed of trust does not waive the vendor's lien, and the two liens and the rights created by this deed of trust are cumulative. Lender may elect to foreclose either of the liens without waiving the other or may foreclose both.

Leticia Ann Martinez

STATE OF TEXAS                    )

COUNTY OF MCLENNAN                )

This instrument was acknowledged before me on October 15, 2019, by Leticia Ann Martinez.



MARK S KNAPP
Notary ID #125880858
My Commission Expires
October 18, 2022

Notary Public, State of Texas
My commission expires:  October 18, 2022

AFTER RECORDING RETURN TO:

Sandra Patricia Baumgardner
PO Box 7
China Spring, TX 76633-007

PREPARED IN THE OFFICE OF:

Mark S. Knapp
PO Box 7456
Waco TX 76714-7456
(254) 753-0135 Telephone
(254) 753-8412

BAUMGARDNER & LOPEZ
WEED OF TRUST

-11-

2019034535    10/15/2019 02:05:38 PM    Page 12 of 12

# FILED AND RECORDED

### Instrument Number: 2019034535

Filing and Recording Date: 10/15/2019 02:05:38 PM  Pages: 12  Recording Fee: $56.00

I hereby certify that this instrument was FILED on the date and time stamped hereon and RECORDED in the OFFICIAL PUBLIC RECORDS of McLennan County, Texas.

*J. a. Andy Harwell*

J. A. "Andy" Harwell, County Clerk
McLennan County, Texas

neckara