**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: June 19, 2023.**



_____
MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| LETICIA ANN MARTINEZ | § | CASE NO. 20-60251 |
| DEBTOR | § | CHAPTER 13 |
| | | |
| SANDRA PATRICIA BAUMGARDNER, | § | |
| JOSE GUADALUPE LOPEZ AND WIFE, | § | |
| MARIA C. LOPEZ, | § | |
| MOVANTS | § | |
| v. | § | Hearing Date: MAY 30, 2023 |
| | § | Hearing Time: 1:30 P.M. |
| LETICIA ANN MARTINEZ | § | |
| DEBTOR | § | |

## AGREED ORDER MODIFYING AUTOMATIC STAY

Came on for consideration the Motion of Relief from Stay ("Motion") filed by Sandra Patricia Baumgardner, Jose Guadalupe Lopez and wife, Maria C. Lopez ("Movants"), secured creditors in the above-entitled and numbered cause. The Court having considered the Motion, any and all responses filed thereto, and the agreement of counsel, is of the opinion that the following Order Modifying Automatic Stay should be entered. It is therefore, ORDERED that:

1. Automatic Stay. The automatic stay provided by 11 U.S.C. §362 shall remain in effect as to the property located at 500 N. 62nd Street, Waco, Texas 76710 ("Property"), except as provided below.

2. Current Monthly Payments. On the 15th day of each month hereafter, Debtor shall remit directly to Movant the regular post-petition monthly mortgage payment of

$1,150.00 pursuant to the Note and Deed of Trust referred to in the Motion. All payments shall be made directly to Movant at the following address:
P.O. Box 7
China Spring, Texas 76633

3. <u>Unpaid Tax Escrow Payments</u>. Beginning May 15, 2023 and on the 15th day of each month thereafter Debtor shall pay Movant the sum of $1,000.00 for unpaid tax escrow payments due and payable under the Note for:

(a) 2022 in the amount of $3,928.38; and
(b) 2023(due March 31, 2023) in the amount of $3,000.00

Total = $6,928.38 less payment of $1,000.00 received May 7,2023 (May 15, 2023 payment).

4. <u>2023 Taxes Shortfall</u>. If on November 15, 2023, it is determined that the tax assessment for the Property for 2023 exceeds $3,000.00, the shortfall between the actual tax for 2023 and the sum of $3,000.00 shall be paid by Debtor to Movant in two (2) equal installments on November 15, 2023 and December 15, 2023.

5. <u>Attorney's Fees</u>. Debtor shall pay Movant's attorney the sum of $838.00 for Movant's attorney's fees of $650.00 and filing fees of $188.00 incurred in conjunction with this lift stay on or before December 31, 2023.

6. <u>Insurance</u>. Within ten (10) days of entry of this Order, Debtor shall provide proof of full coverage insurance on the Property showing Movant as loss payee and provide such proof of insurance to Movant. Such insurance coverage shall be for a term of not less than 180 days.

7. <u>Plan Payments</u>. Debtor shall timely make all post petition payments according to the terms of the Note unless otherwise provided in this Agreed Order.

8. <u>Default</u>. Should Debtor default on any terms of this Order, Movant shall mail notice of the default to Debtor and her attorney by U.S. First Class Mail, postage prepaid. Should Debtor not cure the default plus pay Movant's $50.00 default letter charge, within ten (10) days of the date Movant mails the notice, the Automatic Stay of 11 U.S.C. §362 shall be and is hereby ordered lifted with respect to Movant's collateral. Debtor's right to default and cure within the prescribed ten (10) day period is limited to two (2) such events, and nothing contained herein shall entitle Debtor to cure a third or subsequent default as to the terms of this Agreed Order. In the event of termination of the automatic stay for any reason whatsoever, the requirements of Rule 4001(a)(3) shall be waived and Movant, or its successor in interest, shall be authorized to enforce its lien rights and pursue its statutory and contractual remedies to gain possession of the Property.

Movant shall notify the Court, Debtor, Debtor's attorney, and the Chapter 13 Trustee if the automatic stay is terminated. Movant shall notify the Chapter 13 Trustee in

the event that it forecloses/repossesses its interest upon the collateral described in the Order pursuant to the terms of the Order.

9. <u>Effect of Non-Sufficient Funds.</u>  Any check tendered to Movant by Debtor for any payment hereunder which is returned by Debtor's bank for any reason shall not be deemed a timely payment under this Agreed Order.  If two (2) checks tendered by Debtor are returned by Debtor's bank for any reason, all payments due thereafter to Movant by Debtor shall be made in cash or by money order.

10. <u>Dismissal/Conversion</u>. In the event that this case is dismissed, for any reason whatsoever, prior to the completion of the payments set out in Paragraph 3 above, the terms of this Agreed Order shall no longer apply. In the event that this case is converted to a proceeding under Chapter 7 or 11 of the U.S. Bankruptcy Code, then all arrearage due to the Note shall be deemed due upon such conversion. Should Debtor fail to timely cure said arrearage, Movant may abandon the terms of this Agreed Order, and the 11 U.S.C.§362(a) stay shall terminate without further notice or order of the Court, and Movant shall be free to exercise any rights granted to it by the loan documents with respect to the Property, including, but not limited to, the initiation and completion of foreclosure of the Property.  Upon conversion of this case to a Chapter 7 case, all pre-petition and post-petition delinquent payments, fees and charges due under the Note and Security Instrument shall become immediately payable to Movant, and failure to bring the loan contractually current by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Agreed Order.

11. <u>Immediate Effect</u>. The parties agree that Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the provision of Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

###

AGREED TO AND APPROVED BY:

*/s/ John Malone*  
JOHN MALONE  
John Malone, PLLC  
5400 Bosque Blvd., Ste. 308  
Waco, Texas 76710  
254-772-3722 - phone  
254-772-3172 - fax  
ATTORNEY FOR MOVANTS

*/s/ Evan Simpson*  
EVAN M. SIMPSON  
Law Office of Evan Simpson PLLC  
1717 Columbus Avenue  
Waco, Texas 76701  
254-399-9977 - phone  
254-399-9909 - fax  
ATTORNEY FOR DEBTOR

APPROVED:

*/s/ G. Ray Hendren w/ permission*  
G. RAY HENDREN  
Chapter 13 Trustee  
4505 Spicewood Springs Road, Ste. 205  
Austin, Texas 78759